**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH GREENWELL, : | CIVIL ACTION NO. 08-1620 (MLC) |
| Plaintiff, : | **MEMORANDUM OPINION** |
| v. : |  |
| ASTRAZENECA PHARMACEUTICALS LP, et al., : |  |
| Defendants. : |  |

**THE COMPLAINT** (1) being filed here on April 2, 2008, and (2) asserting that the action "should be . . . transfer[red] to Multidistrict Litigation No. 1769 In Re: Seroquel Products Liability Litigation, United States District Court, Middle District of Florida, Orlando Division, the Honorable Anne C. Conway" (dkt. entry no. 1, Compl.); and the Court notifying the plaintiff — by a notice entered October 8, 2008 ("Notice") — that (1) the action remains on the docket for the District of New Jersey, and (2) there is no indication that the plaintiff, inter alia, served any of the defendants within 120 days after the complaint was filed, or at any point thereafter (dkt. entry no. 3, Notice);[1] and the Court notifying the plaintiff of the intention to dismiss the complaint unless the plaintiff filed a response — by 5 P.M. on October 23, 2008 — explaining the

---

[1] The plaintiff actually was electronically notified twice of the Notice.  (See dkt. entry nos. 3 & 4.)

apparent failure to abide by, inter alia, Federal Rule of Civil Procedure ("Rule") 4(m), see Sykes v. Blockbuster Video, 205 Fed.Appx. 961, 963-64 (3d Cir. 2006), Liu v. Oriental Buffet, 134 Fed.Appx. 544, 546 (3d Cir. 2005); and

**THE PLAINTIFF** failing to respond to the Notice; and thus the Court intending to dismiss the complaint for the plaintiff's failure to comply with Rule 4(m); and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                       s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                       United States District Judge

**Dated:**  October 24, 2008

---

[2]  The Court notes that whether the plaintiff "did or did not receive the District Court's . . . order which directed . . . compl[iance] with Rule 4 is irrelevant; [the plaintiff] was still expected to comply with the rules of procedure." Sykes, 205 Fed.Appx. at 963.